**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**PERRY MEGAIL JOINTER**                                                                    **PLAINTIFF**

**v.**                                                                   **CIVIL NO. 1:24-cv-00359-HSO-RPM**

**PASCAGOULA POLICE STATION**                                                    **DEFENDANT**

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

I. BACKGROUND

On November 19, 2024, *pro se* Plaintiff Perry Megail Jointer filed this civil action under 42 U.S.C. § 1983, naming the Pascagoula Police Station as Defendant. Compl. [1] at 1, 3. He claims that he was falsely arrested for public intoxication shortly after being released from the Jackson County Adult Detention Center ("JCADC") on October 18, 2024. *Id*. at 5. Plaintiff listed two addresses for himself in the Complaint—one in Moss Point, Mississippi, *id.* at 2, and another in Pascagoula, Mississippi, *id.* at 11, indicating that he was detained at JCADC again. Plaintiff's Motion [2] for Leave to Proceed *in forma pauperis*, filed contemporaneously with his Complaint, also indicated that he is presently "being held at" JCADC. Mot. [2] at 1.

To clarify Plaintiff's Complaint, the Court entered an order on November 20, 2024, directing Plaintiff to file a written response to a series of questions by

December 4, 2024.  Order [3] at 1.  Plaintiff was directed to "[p]rovide the Court with [his] most recent mailing address at which [he could] receive correspondence about this case."  Order [3] at 1.  He was also directed to provide more detail about his recent incarceration and the offense for which he was arrested.  *Id.*  Plaintiff was warned that "[f]ailure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice."  *Id*. at 1-2.  That Order [3] was mailed to Plaintiff at the Moss Point and Pascagoula addresses listed in his Complaint.  The mail addressed to JCADC was returned to the Court as undeliverable in an envelope marked, "no longer at this facility," Envelope [4] at 1, but the mail addressed to Moss Point was not returned to the Court as undeliverable.  Plaintiff did not comply with the Court's Order [3] by the December 4 deadline.

On December 16, 2024, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's previous Order [3].  Order [5] at 1.  Plaintiff's responsive deadline was extended to December 30, 2024, and he was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice to him."  *Id*. at 1-2.  The Order to Show Cause [5], with a copy of the Court's November 20 Order [3], was mailed to Plaintiff at his Moss Point and Pascagoula addresses.  Again, the mail delivered to JCADC was returned as undeliverable in an envelope

marked, "no longer at this facility," Envelope [6] at 1, but the mail delivered to Moss Point was not returned as undeliverable. Once again, Plaintiff did not comply with the Court's Orders [5] [3] by the December 30 deadline.

On January 10, 2025, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [5] [3]." Order [7] at 2. Plaintiff was ordered to file a written response to that effect on or before January 24, 2025. *Id*. Plaintiff was also directed, on or before the January 24 deadline, to comply with the Court's November 20 Order [3] "by filing a written response to answer the questions posed therein." *Id*. Plaintiff was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to him." *Id*. (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [5] [3]." *Id*. That Order [7], with copies of the Court's November 20 and December 16 Orders [5], [3], was mailed to Plaintiff at his Moss Point and Pascagoula addresses. The mail delivered to JCADC was again returned to the Court as undeliverable in an envelope marked, "no longer at this facility," Envelope [8] at 1, but the mail delivered to Moss Point was not returned as undeliverable.

To date, Plaintiff has not responded to the Court's November 20, December 16, or January 10 Orders [3], [5], [7] or otherwise contacted the Court about his case since he filed his Complaint on November 19, 2024. *See* Compl. [1]; Mot. [2].

3

## II. DISCUSSION

The Court may dismiss an action sua sponte for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

Plaintiff did not comply with three Court Orders [3], [5], [7], after being warned as many times that failing to do so may lead to the dismissal of his case. *See* Second and Final Order to Show Cause [7] at 2; Order to Show Cause [5] at 2; Order Requiring Plaintiff to Respond [3] at 1-2. Despite these warnings, Plaintiff has not responded to the Court's Orders or taken any action in this case since he filed his Complaint on November 19, 2024. *See* Compl. [1]; Mot. [2]. Given his clear record of delay and contumacious conduct, it is apparent that Plaintiff no longer wishes to pursue this lawsuit. Under these circumstances, dismissal without prejudice is warranted.

5

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 10th day of February, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE